UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| DARREN RAY SANDEFUR, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 2:23-cv-00063-SEP |
| ) | |
| MISSOURI DEPARTMENT OF ) | |
| CORRECTIONS, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court are Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2]; Motion for Appointment of Counsel, Doc. [4]; Motion for Leave to File an Amended Complaint, Doc. [5]. For the reasons set forth below, the Application to Proceed in District Court Without Prepaying Fees or Costs and Motion for Leave to File an Amended Complaint are granted, and the Motion for Appointment of Counsel is denied.

DISCUSSION

**I.    Application to Proceed in District Court Without Prepaying Fees or Costs**

Under 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action *in forma pauperis* must pay the full filing fee. If the prisoner has insufficient funds in his or her prison account to pay the entire fee, the Court will assess an initial partial filing fee equal to the greater of either: (1) 20% of the average monthly deposits in the prisoner's account for the six months immediately preceding the filing of the lawsuit, or (2) 20% of the average monthly balance in the prisoner's account over the same six-month period. 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner must make monthly payments of 20% of the preceding month's income credited to the prisoner's account. *Id*. § 1915(b)(2). The agency having custody of the prisoner will forward the monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the fee is paid in full. *Id*.

Plaintiff has submitted a certified account statement in support of his application. Doc. [3]. The account statement reflects average deposits of $37.95 for the six-month period preceding his complaint. Thus, the Court will assess an initial partial filing fee of $7.59, representing 20% of Plaintiff's average deposits over that time.

## II.     Motion for Leave to File an Amended Complaint

Plaintiff also seeks leave to file an amended complaint. Doc. [5]. Federal Rules of Civil Procedure 15 dictates that courts should freely grant leave when justice so requires. "A court abuses its discretion when it denies a motion to amend a complaint unless there exists undue delay, bad faith, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the non-moving party, or futility of the amendment." *Popoalii v. Corr. Med. Servs.*, 512 F.3d 488, 497 (8th Cir. 2008) (citing *Bell v. Allstate Life Ins. Co.*, 160 F.3d 452, 454 (8th Cir. 1998)). There is no reason to believe Plaintiff is acting in bad faith or that an amended complaint would cause undue delay. Indeed, Plaintiff has not yet served the Defendants in this action. Plaintiff's Motion for Leave to File an Amended Complaint is therefore granted.

## III.     Instructions for Filing Amended Complaint

Plaintiff shall amend the Complaint using the Court's "Prisoner Civil Rights Complaint" form. In the "Caption" section of the form, Plaintiff must state the first and last name of each defendant, if known. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties."). If there is not enough room in the caption, Plaintiff may include additional sheets of paper. Plaintiff must clearly list all defendants and state whether he intends to sue each in his individual capacity, official capacity, or both. Plaintiff should avoid naming any defendant that is not directly related to his claims. Plaintiff should put his case number in the appropriate location on the upper right-hand section of the first page.

In the "Statement of Claim" section, Plaintiff should begin by writing a defendant's name. Then, in separate numbered paragraphs under that name, Plaintiff should: (1) set forth a short and plain statement of the factual allegations supporting his claim against that defendant; and (2) state what constitutional or federal statutory right that defendant violated. Each statement must be simple, concise, and direct. *See* Fed. R. Civ. P. 8(a). If Plaintiff is suing more than one defendant, he should proceed in the same manner with each defendant. No introductory or conclusory paragraphs are necessary.

If Plaintiff is suing multiple defendants, he should only include claims that arise out of the same transaction or occurrence. Put another way, all of Plaintiff's claims should relate to each other in some way. *See* Fed. R. Civ. P. 20(a)(2). If Plaintiff is suing a single defendant, he may set forth as many claims as he has against that individual. *See* Fed. R. Civ. P. 18(a).

Plaintiff's failure to make specific factual allegations against any defendant will result in the dismissal of that defendant. If Plaintiff is suing a defendant in his individual capacity, he must

allege facts demonstrating that defendant's personal responsibility for the alleged harm. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (§ 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). If Plaintiff is suing multiple defendants, he must establish the responsibility of each defendant for the alleged harm. That is, for each defendant, Plaintiff must allege facts showing how that defendant's acts or omissions violated his constitutional rights. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014). A conclusory allegation about a defendant's supervisory role will not suffice. *See Keeper v. King*, 130 F.3d 1309, 1314 (8th Cir. 1997) ("[A] general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability.") (quoting *Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir.1995)).

Plaintiff must fill out the complaint form completely, including the "Injuries" section. There is no constitutional violation where an inmate cannot show he suffered an injury or adverse health consequence. *See Seltzer-Bey v. Delo*, 66 F.3d 961, 964 (8th Cir. 1995). "Claims under the Eighth Amendment require a compensable injury to be greater than *de minimis*." *Irving v. Dormire*, 519 F.3d 441, 448 (8th Cir. 2008). "While a serious injury is not necessary, some actual injury is required in order to state an Eighth Amendment violation." *White v. Holmes*, 21 F.3d 277, 281 (8th Cir. 1994).

An amended complaint completely replaces the original complaint. Any claims not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005). After receiving the amended complaint, the Court will review it under 28 U.S.C. § 1915. If Plaintiff does not file an amended complaint on the Court-provided form within thirty (30) days per the instructions set forth above, the Court will dismiss this action without prejudice and without further notice to Plaintiff.

### IV.     Motion for Appointment of Counsel

Plaintiff has also filed a Motion for Appointment of Counsel. Doc. [4]. A litigant in a civil case does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013); *Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) ("A pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case."). A district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers such

factors as the complexity of the case, the ability of the pro se litigant to investigate the facts and to present his or her claim, and the existence of conflicting testimony. *Phillips v. Jasper Cnty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

Plaintiff has yet to file a complaint that survives initial review, and so far he has been able to adequately present his claims to the Court. Neither the factual nor the legal issues in this case appear to be complex. The Court may entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff must pay an initial partial filing fee of $7.59 within **thirty (30) days** of the date of this order. Plaintiff shall make his remittance payable to "Clerk, United States District Court" and include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Leave to File an Amended Complaint, Doc. [5], is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall mail to Plaintiff a blank "Prisoner Civil Rights Complaint" form. Plaintiff may request additional forms as needed.

**IT IS FURTHER ORDERED** that within **thirty (30) days** of the date of this Order, Plaintiff shall file an amended complaint on the Court-provided form per the Court's instructions.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Appointment of Counsel, Doc. [4], is **DENIED**.

**IT IS FINALLY ORDERED** that if Plaintiff does not timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 5th day of June, 2024.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE